## SARATOGA COUNTY COURT.

### John Van Vechten agt. Samuel Hall.

The earnings of a judgment-debtor for personal services, within sixty days next preceding an order under § 297 of the Code, ordered to be applied towards the satisfaction of the judgment, where it appeared that he kept house and had boarders; that he was not married; that he hired a woman to take charge of his household affairs; that for her services he gave her her board, and the board of her two children, and clothed them in part; that he had no means of support except his services; that he considered the sums mentioned as due him, necessary for the use of himself and his housekeeper and her children, whom he claimed as his family.

His obligations to his housekeeper and her children were of a different character than they would be to a wife and children—where it would be his duty to support them, whether they rendered him any service or not—a contract of a business nature only existed between him and the former.

The judgment-debtor, however, was held to be a "householder;" and such property of his as is mentioned in 2 R. S. p. 367, § 22, would be protected against an execution.

*June Term*, 1857.

The plaintiff recovered a judgment against the defendant, and after an execution, issued against the property of the latter, was returned unsatisfied, the plaintiff instituted proceedings supplementary to execution. The defendant was examined

before a referee, and testified that he was a school-teacher by profession, and was then keeping a school; that divers persons, whose names he mentioned, were owing him bills, specifying the amounts, for services which he had rendered within sixty days next preceding; that he kept house and had boarders; that he was not married; that he hired a Mrs. Peterson to take charge of his household affairs; that for her services he gave her her board and the board of her two children, and clothed them in part; that he had no means of support except his services; that he considered the sums mentioned as due him necessary for the use of himself and Mrs. Peterson and her children, whom he claimed as his family; that Mrs. Peterson had no means of support except what she received for her services; and that he was under no obligation to support any of the persons living with him, except by the contract between him and Mrs. Peterson.

The plaintiff moves for an order that the moneys due to the defendant be applied towards the satisfaction of the judgment.

JOHN O. MOTT, *for motion.*

C. A. WALDRON & E. F. BULLARD, *opposed.*

M'KEAN, County Judge. The earnings of a debtor, for his personal services, cannot be applied by an order towards the satisfaction of a judgment against him, when such services have been rendered at any time within sixty days next preceding the order, if it is made to appear that such earnings are necessary for the use of a family, supported wholly or partly by his labor. (*Code,* § 297.)

Is the defendant entitled to the benefit of this provision? Are his earnings necessary for the use of Mrs. Peterson and her children? Are they supported wholly or partly by *his* labor? Or are they supported by *Mrs. Peterson's own labor?*

The board and clothing furnished by the defendant are only in payment for the services rendered. If those services were paid for in money, Mrs. Peterson might hire the board and buy the clothing of herself and children of the defendant, or else-

where. She earns sufficient to support herself and family, and I think that the earnings of the defendant cannot be withheld from his creditors because he prefers to board and clothe those that he employs, and their families, rather than pay them in money. Mrs. Peterson has received her compensation every day, and the defendant is not indebted to her; but he is indebted to the plaintiff. Shall his earnings be taken to pay such indebtedness, or shall they be reserved to pay for services hereafter to be rendered, or to board and clothe those who are to render them? Had the defendant a wife and children, it would be his duty to support them, whether they rendered him any service or not—and his earnings might be necessary for their use. But his obligations to Mrs. Peterson are of a different character. A contract of a business nature only exists between them—such a contract as might exist between two men, and yet each be supported wholly by his own labor.

The defendant is a "householder," (*Hutchinson* agt. *Chamberlin*, 11 *Leg. Obs.* 248; *Voorhies' Code*, 4*th ed.* 441, *note d*,) therefore such property of his as is mentioned in § 22, *page* 367, of 2 *R. S.*, would be protected against an execution; and such property of his as is mentioned in § 1, *chap.* 157, *Laws of* 1842, would also be protected against an execution, unless it were issued upon a judgment recovered for the purchase price of exempt property. But his labor does not support a family within the meaning of § 297 of the Code, and his earnings are not exempt from the operation of an order under that section.

Motion granted.